IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01555-BNB

JILL COIT,

     Plaintiff,

v.

A. ZAVARAS, Director of CDOC,
THE COLORADO DEPARTMENT OF CORRECTIONS,
JAMES WELTON, Headquarters,
GOVERNOR BILL RITTER, JR.,
LARRY REID, LVCF,
ROBERT CONTWELL, Headquarters,
MAJOR WAID, LVCF,
MICHAEL DOUSSARD (Spelling), LVCF,
CAPT. YOO (Spelling), LVCF
C/I DENIS HOUGNON, Headquarters,
C/I FAY KIRBY, Headquarters,
C/I DARREN CORTESE, Headquarters,
C/I COLIN CARSON, DWCF,
UNNAMED/UNKNOWN DEFENDANT WHO TOOK LEGAL SUPREME COURT MAIL,
DWCF,
SGT. HATFIELD, DWCF,
LT. BUTCHE, #6833, DWCF,
TERRY PERRY (for Capt Fisher),
ANTHONY DeCESARO,
OFFICER BLAND, 1435,
CATHIE HOLST,
KATIE BAXTER,
JOAN M. SHOEMAKER,
DR. FRANTZ,
DR. MARTINEZ-HOCHBE-YENETT,
J. RUSSEL,
LOU ARCHETA,
T.RENOLDS,
SGT. LASO,
HARLAN BLAKE,
OFFICER ENGLAND,
UNNAMED/UNKNOWN LVCF OFFICER WHO PICKED ME OUT ON 7-23-10,
CAPT KITTY ARNOLD,
RITTIERODT,

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 23 2010

GREGORY C. LANGHAM
CLERK

ARGON, 13445,
McDO (?), #13988,
DELA ROSA, 16165,
TWO BEARS CHAVEZ,
SCOTT HALL,
NOBLE WALLACE,
K. WASKO,
C. ESPINOLZA, LVCF,
SALAZAR, LVCF,
BECKET, and
CAPTAIN SPARLING (Brian),

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Jill Coit, has filed *pro se* a 294-page Prisoner Complaint, including numerous attachments. She asks for injunctive relief. Ms. Coit has been granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Ms. Coit's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. Coit will be directed to file an amended complaint.

The Court has reviewed Ms. Coit's complaint, and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument*

2

*Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Coit's complaint is verbose, her allegations are disjointed, and her handwriting is hard to decipher, which makes understanding her handwritten allegations difficult. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G.

As a result of her disjointed allegations and barely legible handwriting, Ms. Coit fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Ms. Coit's responsibility to present her claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  Ms. Coit must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated her rights.  The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint she will be directed to file, Ms. Coit also must assert personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Ms. Coit must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Lastly, the amended complaint Ms. Coit will be directed to file, whether handwritten or typed, shall be double-spaced and legible, in capital and lower-case

4

letters, in compliance with D.C.COLO.LCivR 10.1E. and G.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1. Ms. Coit will be given an opportunity to cure the deficiencies in her complaint by submitting an amended complaint that states her claims clearly and concisely in compliance with Fed. R. Civ. P. 8, is written legibly in compliance with D.C.COLO.LCivR 10.1, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.

In addition, the motion titled "Motion for Return of Legal Document/Letter I Sent Judge Ebel" that Ms. Coit filed with the Court on June 30, 2010, will be denied. The letter to which Ms. Coit refers is not filed in this case. Plaintiff is advised to retain copies of any documents she files with the Court in the future because the Court's electronic filing system does not allow the Court to maintain paper copies.

The motion titled "Motion to have CDOC explain why Coit was moved to DWCF" that Ms. Coit filed with the Court on August 5, 2010, also will be denied without prejudice. Like the complaint, the motion is barely legible and fails to comply with Fed. R. Civ. P. 8.

Accordingly, it is

ORDERED that Plaintiff, Jill Coit, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order. It is

5

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Coit, together with a copy of this order, two copies of the following form, one of which is to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Ms. Coit fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion titled "Motion for Return of Legal Document/Letter I Sent Judge Ebel" that Ms. Coit filed on June 30, 2010, with the Court is denied for the reasons stated in this order. It is

FURTHER ORDERED that the motion titled "Motion to have CDOC explain why Coit was moved to DWCF" is denied without prejudice for the reasons stated in this order.

DATED at Denver, Colorado, this 23rd day of November, 2010.

BY THE COURT:


s/Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge


6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01555-BNB

Jill Coit
Prisoner No.  0098046
Topeka Corr. Facility
815 S. E. Rice Road
Topeka, KS 66607

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on  11/23/10

GREGORY C. LANGHAM, CLERK

By:_____
                     Deputy Clerk