IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

```
                                             F I L E D
                                     UNITED STATES DISTRICT COURT
                                          DENVER, COLORADO

                                            MAR 15 2011

                                       GREGORY C. LANGHAM
                                                        CLERK
```

Civil Action No. 10-cv-01555-BNB

JILL COIT,

    Plaintiff,

v.

A. ZAVARAS, Director of CDOC,
THE COLORADO DEPARTMENT OF CORRECTIONS,
JAMES WELTON,
GOVERNOR BILL RITTER, JR.,
LARRY REID,
ROBERT CANTWELL
MAJOR WAID,
MICHAEL DOUSSARD (Spelling),
DENNIS HOUGNON,
UNNAMED/UNKNOWN DEFENDANT WHO TOOK LEGAL SUPREME COURT MAIL
    STAMPED OCTOBER 28, 2008,
UNNAMED/UNKNOWN DEFENDANT WHO CHANGED COMPUTER LEGAL MAIL
    LOG,
CATHIE HOLST,
DR. P. FRANTZ,
RANDY SMITH,
SGT. HATFIELD,
CAPTAIN KITTY ARNOLD,
UNNAMED/UNKNOWN DWCF OFFICER THAT TOOK PLAINTIFF'S TWO CUBIC
    FEET OF LEGAL DOCUMENTS,
UNNAMED/UNKNOWN DWCF OFFICER THAT TOOK/LOST PLAINTIFF'S
    ORTHOPEDIC MEDICAL SHOES THAT ABILITY UNLIMITED MADE,
SGT. LASO,
UNKNOWN/UNNAMED DWCF STAFF WHO TOOK MEDICAL DOCUMENTS FROM
    PLAINTIFF'S MEDICAL FILE,
JOAN SHOEMAKER,
UNNAMED/UNKNOWN LVCF OFFICER THAT PACKED PLAINTIFF OUT ON 7-23-10
    (2 OFFICERS),
SGT. FIELDS,
SGT/CAPT. BUTCHER,
ASSOCIATE WARDEN SCOTT HALL, DWCF,
JOHN MARTIN, DWCF,
TCF WARDEN PELLANT, The Topeka Correctional Facility,
DR. MCMASTERS (T.C.F.),

SGT. BLAND 1435,
ANTHONY DECESARO, and
DR. MARTINEZ-HOCHBE-YENETT (T.C.F.),

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Jill Coit, was a prisoner in the custody of the Colorado Department of Corrections incarcerated at the Las Vista Correctional Facility when she initiated the instant action by filing *pro se* a 294-page Prisoner Complaint, including numerous attachments, seeking injunctive relief. Ms. Coit was granted leave to proceed pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On November 23, 2010, Magistrate Judge Boyd N. Boland ordered Ms. Coit to file, within thirty days, an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure; that asserted each named Defendant's personal participation in the alleged constitutional violations; and that complied with the requirements of Rules 10.1E. and G. of the Local Rules of Practice for this Court, which require that pleadings be double-spaced and legible whether typed or handwritten. On March 7, 2011, after being granted extensions of time, Ms. Coit filed a forty-eight-page, single-spaced amended complaint for injunctive relief and money damages.

The Court must construe Ms. Coit's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be

an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the amended complaint will be dismissed.

The Court has reviewed Ms. Coit's complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), **aff'd**, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. Coit's complaint is verbose and her allegations are vague and disjointed. She alleges on page 2 of the amended complaint that she is incarcerated at a correctional facility in Topeka, Kansas, but at paragraph 203 on page 39 Ms. Coit clarifies that she currently is in the custody of the Florida Department of Corrections and

3

incarcerated at the Homestead Correctional Institution in Florida City, Florida. In the discussion of the nature of this case, she devotes an unnecessarily large amount of space to discussion of a prior dismissed lawsuit. **See Coit v. Zavaras**, No. 98-cv-02031-LTB-MEH (D. Colo. Aug. 6, 2007), **aff'd**, No. 07-1370 (10th Cir. June 10, 2008). It is unclear throughout the amended complaint why she is suing the 28 Defendants listed in the caption to the amended complaint.

Ms. Coit asserts seven claims that appear to concern her incarceration in three different correctional facilities in Colorado, Kansas, and Florida. Her first claim appears to concern alleged rapes, but she includes extraneous and inexplicable allegations concerning the Florida and Kansas departments of corrections noncompliance with the remedial plan in **Montez v. Owens**, No. 92-cv-00870-JLK, an action commenced pursuant to the Americans With Disabilities Act, 42 U.S.C. § 12101, and the Rehabilitation Act, 29 U.S.C. § 794, on behalf of Colorado inmates suffering from particular disabilities; their refusal to provide her with orthopedic shoes; and the Florida Department of Corrections' refusal to provide her with hand and knee braces, stockings, and other medical appliances.

Her second claim refers to her original complaint and attachments and appears to concern mail allegedly withheld from her from the Supreme Court. Ms. Coit refers to unspecified attachments to the complaint she originally filed, **see, e.g.**, ¶¶ 161 and 162 at 30, and also incorporates all attachments to the original complaint. **See** ¶ 165 at 30. By her general reference to such attachments, she clearly expects the Court and Defendants to piece together the attachments with her claims. That is not a judicial

Case 1:10-cv-01555-LTB Document 31 Filed 03/15/11 USDC Colorado Page 5 of 8

function, nor is it Defendants' responsibility. It is Ms. Coit's responsibility to present her claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Ms. Coit's third claim is vague and concerns the alleged failure by the Colorado Department of Corrections to accommodate her serious medical needs for braces, shoes, hearing aids, a wheelchair, front-closure shirts, appointments with specialists, and the alleged refusal to follow specialists' recommendations. She then shifts to a discussion of disciplinary proceedings occurring when she was confined in Topeka, Kansas.

Her fourth claim concerns the confiscation of her hearing aids when she was in the Colorado Department of Corrections, their loss when they were shipped to her mother's home, and various other seemingly unrelated claims concerning the lack of medical records concerning her receipt of a wheelchair and the confiscation of her orthopedic shoes. She again refers to unspecified attachments to the complaint she originally filed. *See, e.g.*, ¶ 181 at 34.

Her fifth claim, apparently asserted pursuant to the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12101-12133, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, concern her impaired vision, the alleged denial of tinted glasses for migraine headaches, the alleged denial of aids and appliances to help her see and read while she was in the Colorado Department of Corrections, her alleged need for a computer with a voice-activated program, her hand impairment as a result of de Quervain's disease preventing her from opening child-proof bottles, and the removal while she was incarcerated in the Florida Department of Corrections of her glasses,

sunglasses, wheelchair, orthopedic shoes, and knee and hand braces. She again refers to unspecified attachments to the complaint she originally filed. *See, e.g.*, ¶¶ 198-199 at 38.

Her sixth claim concerns the alleged confiscation of her religious items such as her Seder plate and Star of Davis necklace, and her seventh claim concerns the Colorado Department of Corrections' allegedly different treatment of her as a rape victim versus their treatment of non-rape victims. She again refers to unspecified attachments to the complaint she originally filed. *See, e.g.*, ¶¶ 206 at 40, 219 at 43.

As a result of her disjointed allegations, references to unspecified exhibits, and lack of clarity as to where she was incarcerated when the asserted claims allegedly arose, Ms. Coit fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

As Magistrate Judge Boland informed Ms. Coit in the November 23 order for an amended complaint, it is Ms. Coit's responsibility to present her claims in a manageable and readable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Ms. Coit must allege, simply and concisely, her specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated her rights. The general rule that *pro se* pleadings must be construed liberally has limits and

6

"the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." ***Garrett v. Selby Connor Maddux & Janer***, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the amended complaint does not comply with the pleading requirements of Fed. R. Civ. P. 8, the requirements of D.C.COLO.LCivR 10.1, and the directives of the November 23 order for an amended complaint.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Jill Coit, to comply with the pleading requirements of Fed. R. Civ. P. 8, the requirements of D.C.COLO.LCivR 10.1, and the directives of the November 23, 2010, order for an amended complaint.

DATED at Denver, Colorado, this __15th__ day of ____March____, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01555-BNB

Jill Coit
Prisoner No. 0-163036
Homestead Correctional Institution
19000 SW 377th St
Florida City, FL 33034

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 15, 2011.

                                       GREGORY C. LANGHAM, CLERK

                                       By: _____
                                                     Deputy Clerk